# Andrew L. Schlafly

Attorney at Law
939 Old Chester Rd.
Far Hills, NJ 07931
(908) 719-8608
(908) 934-9207 (fax)
aschlafly@aol.com

October 7, 2016

**BY ECF**

The Honorable Cathy L. Waldor
U.S. Magistrate Judge, District of N.J.
Courtroom 4C
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> Re:    ***American Board of Internal Medicine v. Jaime A. Salas Rushford, M.D.*,**
> **2:14-cv-06428-KSH-CLW**

Dear Judge Waldor,

This is a follow-up on Your Honor's conference call with the parties on Thursday.

Multiple discovery deficiencies remain outstanding by Plaintiff American Board of Internal Medicine ("ABIM") despite an additional effort yesterday, after the call, by undersigned counsel to resolve one of them. On behalf of Defendant Dr. Jaime A. Salas Rushford, M.D. ("Salas Rushford"), we respectfully ask Your Honor to schedule another conference call soon.

First, ABIM's counsel refuses to produce written testimony provided by Dr. Geraldine Luna that specifically discusses Defendant Salas Rushford. ABIM has conceded that these documents are responsive to the document production request made by Defendant on October 14, 2015 (specifically, Nos. 68 & 69 in Defendant's First Request), and these documents are central to ABIM's claim.

ABIM's counsel never produced these documents by email attachment or hardcopy to counsel for Defendant Salas Rushford. Instead, ABIM's counsel asserts they were made temporarily available at a link requiring certain software to download, but subsequently the documents were withdrawn by ABIM's counsel from that link without warning or notice. Defendant's counsel never consented to ABIM's procedure, which has no authority under the Federal Rules and does not satisfy ABIM's discovery obligations. Defendant's counsel has never received any of these documents, which ABIM admits are responsive and discoverable.

ABIM's counsel relies on emailing a since-expired link to their temporarily available documents to me late on September 8, only three business days prior to Dr. Luna's deposition, when I had to travel to attend my mother's out-of-town wake and speak at her funeral, and then make additional trips throughout the month. No explanation was given by ABIM for its unreasonably short notice, or its unnecessary process. The testimony documents are not large in size and could have been easily emailed as an attachment. To this day I have never received these documents, and yesterday ABIM's counsel specifically refused to give me access to them. We ask this Court to order ABIM to produce these documents, and we request leave to move to exclude the use by ABIM of any testimony by Dr. Luna due to ABIM's failure to comply with its document production obligations with adequate notice prior to her deposition, or now.

Second, ABIM's counsel has vastly over-redacted its document production of testimony by Dr. Coromoto Palermo that expressly mentions Defendant. Based on the explanation by ABIM's counsel in its letter of yesterday, it apparently redacted large portions of the testimony whenever they mention another physician's name. But that is no valid basis for such redaction, as those are names of physicians, not patients. Moreover, ABIM's counsel has redacted far more than necessary even on that basis. ABIM's counsel offers using an *ex parte, in camera* review, to which Defendant agrees (though that should be unnecessary given the unjustified rationale provided by ABIM's counsel).

Third, along the same lines, ABIM's counsel went way beyond what is justified in insisting on confidentiality for vast portions of the deposition of ABIM officer A. Benjamin Mannes. For example, ABIM's counsel demanded that a *publicly* available document be marked as confidential. That has no plausible justification. We request an *in camera* review of the unjustified designations of confidentiality by ABIM's counsel.

Fourth, ABIM admits it has a copy of the transcript of the July 2014 ABIM appeal hearing for Defendant held in ABIM's offices in Philadelphia, and ABIM does not deny that it is responsive to Defendant's proper discovery requests. Instead, ABIM wants to force Defendant to incur the unnecessary expense of purchasing the same transcript from a court reporting company, rather than ABIM producing it. ABIM's position is not a justified basis for withholding a document under the Federal Rules, and is simply an improper attempt to increase Defendant's substantial litigation expenses.

Fifth, ABIM never produced its allegedly copyrighted questions with the required metadata and titles, for the questions that are central to its case. Nothing in the Federal Rules allows ABIM to print an electronic document and then rescan the document into a pdf in a way that obliterates the metadata, as ABIM has apparently done for these key documents. ABIM's impermissible method of production of these documents makes it impossible to verify the authenticity of the allegedly copyrighted questions. In sum, ABIM has failed to satisfy its discovery obligation to produce the allegedly copyrighted questions along with the required associated information, such as metadata, authorship, and so on.

Late yesterday ABIM's counsel did finally produce the settlement agreement between Dr. Luna and ABIM, and it raises issues that justify compelling production of the settlement agreement between Arora and ABIM. Defendant has asserted multiple defenses based on

2

authorization, and the contents of the ABIM-Arora settlement along with the breadth of ABIM's release is relevant to Defendant's defenses.  Defendant has properly requested this.

As to a procedural matter, Defendant respectfully requests a ruling on its motion for leave to amend, which would help expedite resolution of this matter.

Thank you, Your Honor, for your attention to this matter.  Defendant's counsel are available any day next week other than Tuesday for a conference call, at Your Honor's convenience.

Sincerely,

/s/ Andrew L. Schlafly

Andrew L. Schlafly
Counsel for Jaime A. Salas Rushford, M.D.

cc:    Mr. Roberto Rivera-Soto (via ECF)
       Ms. Hara Jacobs (via email)

3