NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE, <br><br> *Plaintiff*, <br><br> v. <br><br> JAIME A. SALAS RUSHFORD, M.D., <br><br> *Defendant*. | Civil No.: 14-cv-06428 (KSH) (CLW) <br><br><br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

Before the Court is defendant Jaime Salas Rushford's motion for judgment on the pleadings based on his position that the instant copyright infringement action filed by the American Board of Internal Medicine ("ABIM") is barred by the three-year statute of limitations prescribed by 17 U.S.C. § 507(b). For the reasons set forth below, the Court agrees.

**I.      Background**

ABIM is an independent corporation that grants board certification to internal medicine physicians who meet ABIM's proprietary criteria. To become ABIM board certified, a qualifying candidate must pass a one-day, computer-based exam that ABIM administers annually at testing centers nationwide and abroad.[1]  (Compl., ¶ 14.)  ABIM registers each annual examination with the United States Copyright Office.  (Compl., ¶ 29.)

---

[1] At oral argument, ABIM's counsel explained that the certification exam for internal medicine is given every August.  The exam is offered during a 10-day window, as opposed to on a single date, so as not to materially interfere with the quantum of medical care provided by practicing physicians at any given time. *See* Transcript of Oral Argument, dated January 11, 2017 ("Hearing Tr."), at 6:1–12.  The exam questions vary from test date to test date. *See* Compl., ¶¶ 25–27.

Arora Board Review ("ABR") is a New Jersey based test prep course for the exam. (Compl., ¶ 1.)  In May 2009, ABR's proprietor, Rajender K. Arora, conducted a six-day live review course in Livingston, New Jersey.  (Compl., ¶ 34.)  Around that time, ABIM discovered test questions on ABR's website that ABIM suspected were copied from its prior examinations. (Compl., ¶ 49.)  As explained below, investigation in the months that followed led ABIM to conclude that Arora and ABR were engaged in an ongoing effort to procure ABIM's copyrighted materials from course attendees.

In December 2009, ABIM filed a complaint in the Eastern District of Pennsylvania against Arora, ABR, and an ABR employee, Anise Kachadourian, alleging a scheme through which "ABR unlawfully obtained ABIM's secure [e]xamination items by mobilizing course attendees to divulge the contents of the [e]xamination to Defendants" in violation of federal copyright law.  *See American Board of Internal Medicine v. Arora, et al.*, 2:09-cv-05707 (E.D. Pa. 2009), Docket Entry No. 1 (hereinafter, "December 2009 Compl."), at ¶ 1.  The December 2009 complaint also named as John Doe defendants "a presently unknown number of past and/or present candidates for Board Certification who have complied with the requests of Defendants Arora and Kachadourian to provide secure, copyrighted [e]xamination content to Arora for further dissemination."  December 2009 Compl., at ¶ 61.

On the same day that it filed the December 2009 complaint, ABIM successfully obtained an *ex parte* order from the district court authorizing the United States Marshal to "break[] open and/or forcibly enter[]" the individual defendants' homes and seize, among other things, all communications with ABR's customers relating to infringement of ABIM's copyrighted examinations.  *See American Board of Internal Medicine v. Arora, et al.*, 2:09-cv-05707 (E.D.

Pa. 2009), Docket Entry No. 4 (hereinafter, "December 2009 Seizure Order"), at pp. 6, 7.  As a basis for issuing the seizure order, the court found in part that it was impractical to give the defendants prior notice because of the likelihood that they would "secret, hide, remove, destroy or otherwise dispose of . . . evidence of infringing conduct by presently unidentified persons." December 2009 Seizure Order, at p. 2.

As a result of the seizure, ABIM obtained a trove of emails between Arora and various course attendees.  Its lawsuit against Arora in the Eastern District of Pennsylvania was settled in June 2010, and according to counsel, ABIM began instituting actions against individual physicians whom ABIM deemed complicit with Arora and ABR.  *See* Hearing Tr., at 10:23–13:10.  According to the complaint eventually filed in this Court, ABIM identified Jaime Salas Rushford in January 2012 as one of ABR's allegedly complicit customers, when it linked him to e-correspondence about August 2009 exam questions that was sent from the email address "padrinojr@yahoo.com."  (Compl., ¶¶ 34, 47, 50.)  Specifically, the instant complaint recites that ABIM administered the board certification exam in Puerto Rico on ten dates during August 2009, beginning on August 11th.  (Compl., ¶ 15.)  Immediately after the 2009 examination window opened in Puerto Rico, Salas allegedly began compiling detailed ABIM examination content that he got from colleagues who sat for the exam in the days leading up to his own exam date, which was August 20th, and sent it to Arora using the padrinojr@yahoo.com email address. (Compl., ¶¶ 35–46.)  Salas's emails containing the allegedly infringing materials are attached to the instant complaint as exhibits B, C, D and F.

Although neither side disputes that all of Salas's allegedly infringing acts occurred in August 2009, ABIM did not file the current action until October 2014.  After motion practice relating to venue and jurisdiction was decided, Salas filed this motion for judgment on the

pleadings pursuant to Fed. R. Civ. P. 12(c) on the grounds that ABIM's copyright infringement claim is time-barred and that the complaint fails to state a claim.  The motion was briefed (D.E. 76, 87, 91) and the Court heard oral argument on January 11, 2017.

## II.    Standard of Review

"A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth. of N.Y., New Jersey*, 598 F.3d 128, 134 (3d Cir. 2010).  Under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court "must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff."  *New Jersey Carpenters & Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).  Applying a 12(b)(6) standard, a limitations defense may afford the basis for dismissal on a motion for judgment on the pleadings if a time bar is apparent on the face of the complaint.  *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

## III.    Discussion

Salas argues that this lawsuit is time-barred because the statute of limitations expired in August 2012, three years after his allegedly offending acts.  In opposing, ABIM maintains that its October 2014 complaint alleging copyright infringement is timely under the discovery rule. *See* ABIM's Opp. Br. (D.E. 87), at p. 14.  In *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3d Cir. 2009), the Third Circuit held as a matter of first impression that a cause of action for copyright infringement accrues "when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim."  *Id.*  ABIM takes the position that the three-year statute of limitations in this case did not begin to run until January 2012, the date

when ABIM alleges it "concretely" matched the padrinojr@yahoo.com email address to Salas after diligent investigation.[2]  (Compl., ¶ 50.)

In *Graham*, the Third Circuit held that its adoption of the discovery rule for copyright infringement claims is consistent with Congress's express intent to allow the court to consider "any equitable circumstances sufficient to excuse a plaintiff's failure to sue within the three-year limitations period."  *Graham*, 568 F.3d at 436.  Here, as a matter of alleged fact, Salas's copyright infringement occurred in August 2009.[3]  (Compl., ¶¶ 35–46.)  Accordingly, the three-year limitations period expired in August 2012, and ABIM's October 2014 action was instituted past the filing deadline.  The question becomes whether the discovery rule operates to "extend the time for filing" in this case.  *Graham*, 568 F.3d at n.8.

The most compelling reason for determining that the discovery rule does not operate to extend the time for filing this lawsuit beyond August 2012 is that ABIM had no need for an equitable extension at all, having admittedly learned of Salas's identity *well within* the original limitations period.  Reviewing the facts alleged with that in mind, it is significant that in December 2009, ABIM instituted a copyright infringement action against ABR and fifty unnamed John Does representing "a presently unknown number of past and/or present candidates for Board Certification" who allegedly provided "secure, copyrighted [e]xamination content to

---

[2] ABIM's counsel explained at oral argument that ABIM learned of Salas's identity in January 2012 after one of the physicians who allegedly dictated exam questions to Salas by phone in August 2009 identified him as the author of some of the allegedly infringing materials that are the subject of this action.  *See* Hearing Tr., at 61:13–62:16.

[3] ABIM's counsel confirmed during oral argument that ABIM's case theory rests upon allegedly infringing acts by Salas that occurred prior to his own August 20, 2009 exam date.  "What our opposition brief points out is that there is no allegation here that Salas sent any questions from . . . his ABIM exam that he took.  The allegations and the copyright claim is based on ABIM exam question information that he obtained from other people who had already taken their August 2009 ABIM exam before him."  Hearing Tr., at 18:23–19:3.

Arora for further dissemination." December 2009 Compl., at ¶ 61. ABIM swiftly obtained an

expansive *ex parte* seizure order authorizing the United States Marshal to break and/or enter the

defendants' homes in order to prevent the destruction of evidence of infringing conduct by

"presently unidentified persons." December 2009 Seizure Order, at pp. 2, 7. As a result of the

seizure, ABIM became aware that one of these "presently unidentified persons" allegedly

provided copyrighted materials to Arora using the email address padrinojr@yahoo.com.

(Compl., ¶ 55.) And ABIM made a match between that email address and Salas in January 2012,

*well before* the original three-year statute of limitations period expired in August 2012. *Id.*

Thus, as Salas's counsel put it at oral argument, it was "eight months within statute when [ABIM

learned of Salas's identity] and they let that thing run through." Hearing Tr., at 33:21–22.

  On this point, it is instructive that a majority of the factual allegations against Salas in the

instant complaint were copied nearly verbatim from the December 2009 complaint against ABR

(*compare* Compl., ¶¶ 7–30, *with* December 2009 Compl., ¶¶ 13–33). Most of the remaining

allegations pertain to email communications with Arora that ABIM obtained in the December

2009 seizure. (Compl., ¶¶ 32–46.) Thus, taking ABIM's allegations at face value, ABIM was

injured, it learned of the injury, it learned that a group of unidentified physicians was responsible

for the injury, it learned that one of those unidentified physicians used the email address

padrinojr@yahoo.com, and it matched that email address to Salas, all before the original statute

of limitations expired.

  Nevertheless, relying on language in *Graham* that a claim for copyright infringement

"accrues when the plaintiff discovers, or with due diligence should have discovered, the injury

that forms the basis for the claim[,]" *Graham*, 568 F.3d 425 (quotation and citation omitted),

ABIM argues that because diligent investigation did not reveal Salas's identity until January

2012, the instant cause of action *accrued* on that date, and thus ABIM had three years from January 2012 to bring suit. Although superficially ABIM's "accrual" and "diligence" arguments would appear to fit neatly within *Graham*'s language, the Court finds that ABIM's proposed use of the discovery rule runs afoul of the rule's equitable foundation.

The discovery rule is an equitable doctrine that protects a copyright plaintiff "who, through no fault of its own, discovers an act of infringement more than three years after the infringement occurred[.]" *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004). In *Graham*, the Third Circuit explicitly wrote of the remedial intent behind the rule. "As we have explained, the discovery rule originated as an equitable doctrine to *extend the period during which victims of latent injuries could seek recovery*." *Graham*, 568 F.3d at 436, n.8 (emphasis added). Inherently, when *Graham* speaks of setting an alternate accrual date to define a new starting point for purposes of repose, it does so in order to achieve an equitable result for plaintiffs who, victimized by happenings outside of their control, are in need of an extension of the original limitations period in order to sue for redress. Here, affording it every reasonable inference, ABIM was not a victim of an injury it was unaware of in August 2012 when the statute expired—it had knowledge of all facts alleged in the complaint by January 2012. Thus, there is no equitable argument to support an alternate "accrual" date of January 2012 instead of August 2009, because January 2012 is within the original three-year statute of limitations. This critical and indisputable point renders the discovery rule—and, by extension, the diligence inquiry—irrelevant.

As ABIM notes in its own papers, the discovery rule "reflects a sensible tradeoff – a policy decision that balances the important interests of repose against the substantial hardship that an inflexible statute of limitations might otherwise foster." ABIM Opp. Br., at p. 14

(quoting *Warren Freedenfeld Associates, Inc. v. Tigue*, 531 F.3d 38, 46 (1st Cir. 2008)) (quotations omitted).  Where, as here, a plaintiff is fully aware of the alleged injury, and who allegedly caused it, within the original statute of limitations period, there is simply no substantial hardship in need of balancing.  ABIM was not up against an "inflexible statute of limitations" when it discovered Salas's identity.  Rather, the prior litigation against Arora and the face of the instant complaint indicate that ABIM made an intentional decision not to bring suit against Salas within the applicable limitations period when the alleged facts clearly show it was capable of doing so.  If a party learns of all facts necessary to bring suit within the limitations period, then allows the limitations period to expire, and later on invokes the discovery rule for an "equitable" extension that was not needed in the first place, then in the words of Salas's counsel at oral argument, "the statute of limitations doesn't mean anything[.]" *See* Hearing Tr., at 76:15.  ABIM cannot invoke an equitable doctrine to obtain relief from the consequences of its own inaction.[4]

The Court's review of the litigation history of ABIM's efforts to crack down on Arora, ABR, and the physicians associated with their course content indicates that this lawsuit against Salas is a *coda* to the main thrust of ABIM's litigation efforts, apparently born of a second look at the decision ABIM made not to sue Salas when his name popped up in January 2012.  It is superficially tempting to apply the holding in *Graham* that a cause of action for copyright

---

[4]   Arguing that the statute of limitations in this case could not have been triggered until ABIM learned of Salas's identity in January 2012, ABIM's counsel suggested at oral argument that "[o]therwise all you would have is John Doe complaints filed everywhere, solely for the purpose of preserving unnecessarily a statute of limitation when the discovery rule applies."  Hearing Tr., at 75:8–11.  Actually, ABIM did exactly that when it brought suit in December 2009 against Arora and fifty unnamed John Does, who represented unidentified board certification candidates, similarly situated to Salas, who allegedly disseminated copyrighted works to Arora.  But whether ABIM could have or should have attempted to preserve the statute of limitations for its claim against Salas via John Doe pleading is irrelevant here, as ABIM admittedly learned of Salas's identity—and all other allegations supporting the instant copyright infringement claim—well within the limitations period.

infringement "accrues when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *Graham*, 568 F.3d 425.  That way, post-August 2012, an argument gets fashioned that the discovery of Salas's identity is the accrual date, and a new lawsuit on an aging set of facts suddenly appears timely, notwithstanding the lapse of over five years since the alleged injury date.  But in the words of Salas's attorney at oral argument, "[W]e're attorneys, right.  We hear about something, well, what's the first thing we check is what's the statute of limitations on this thing, right.  Eight months within statute when [ABIM learned of Salas's identity] and they let that thing run through."  Hearing Tr., at 33:18– 22.  ABIM ultimately wants the impossible: the right, first, to decide not to sue an alleged wrongdoer within the applicable time period and then, for no equitable reason, to take that decision back and sue him after the statue expires.  Because, as a matter of alleged fact, ABIM had actual knowledge of all allegations required to bring suit within the limitations period, the discovery rule is not relevant on the alleged facts of this case, and ABIM's copyright infringement claim is time-barred on the face of the complaint.[5]

 ABIM has also argued that the principle of equitable tolling should apply because, it maintains, Salas purposefully concealed his identify from ABIM by using a disguised email

---

[5] The Court acknowledges that "diligence"—which goes to the very heart of the discovery rule in *Graham*—has been a buzz word in the parties' motion papers and at oral argument.  Specifically, ABIM takes the position that, on a motion for judgment on the pleadings, its allegation in paragraph 50 of the complaint that it "diligently investigated the identity of the person who corresponded with Dr. Arora using the e-mail address padrinojr@yahoo.com but was unable to concretely match the e-mail address to Dr. Salas until January 2012" provides sufficient basis for application of the discovery rule on the pleadings.  *See, e.g.,* Hearing Tr., 57:23–58:4.  But jumping into the rabbit hole of ABIM's "diligence" argument begs the question of relevance, because paragraph 50 conclusively establishes on the face of the complaint that ABIM learned of all facts necessary to bring suit *within* the original limitations period. The discovery rule does not apply.  Whether ABIM should have used other methods of determining who "Jimmy R." was, or should have pleaded more facts to illustrate diligence, as Salas has argued, are also irrelevant inquiries.  *See, e.g.,* Hearing Tr., 76:22–77:10.

address and signing off as "Jimmy R." when he sent the materials to Arora.  *See* ABIM's Opp.

Br., at p. 16; Compl., ¶ 35.

> To benefit from the equitable tolling doctrine, plaintiffs have the
> burden of proving three necessary elements: (1) that the defendant
> actively misled the plaintiff; (2) which prevented the plaintiff from
> recognizing the validity of her claim within the limitations period;
> and (3) where the plaintiff's ignorance is not attributable to [a] lack
> of reasonable due diligence in attempting to uncover the relevant
> facts.

*Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 509 (3d Cir. 2006).

There are no facts pleaded (or set forth at oral argument) that Salas intentionally misled

ABIM in his use of the padrinojr/Jimmy R. identifiers in his emails to Arora.  The impossibility

of establishing the second necessary element defeats ABIM's position.  On the face of the

complaint, ABIM was capable of bringing suit before the limitations period expired.  Thus,

ABIM's equitable tolling argument fails as a matter of law.

## IV.   Conclusion

For the foregoing reasons, ABIM's complaint is time-barred.[6]  Salas's motion for

judgment on the pleadings under Rule 12(c) is **granted**, and the complaint is dismissed.  An

appropriate order will be entered.


                                                  s/ Katharine S. Hayden_____
                                                  Katharine S. Hayden, U.S.D.J.

Dated: March 16, 2017

---

[6] Salas alternatively argues that the complaint fails to state a claim.  Based on the determination that the
complaint is time-barred, the Court need not analyze its sufficiency.