**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE, <br><br> *Plaintiff/Counterclaim Defendant,* <br><br> v. <br><br> JAMIE SALAS RUSHFORD, M.D., <br><br> *Defendant/Counterclaim Plaintiff/Third-party Plaintiff,* <br><br> v. <br><br> RICHARD BARON, M.D., et al., <br><br> *Third-party Defendants.* | Civil No.: 14-cv-6428 (KSH) (CLW) <br><br><br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

### I. Introduction

Before the Court is an appeal (D.E. 174) filed by counterclaim defendant American Board of International Medicine ("ABIM") and named third-party defendants ("ABIM Individuals")[1] from Magistrate Judge Cathy Waldor's Opinion and Order (D.E. 173) granting counterclaim plaintiff/third-party plaintiff Dr. Jaime Salas Rushford's motion to sever and transfer his counterclaims and third-party complaint to the District of Puerto Rico. The motion has been fully briefed. (D.E. 174, 178, 179.) For the reasons set forth below, the Court affirms

---

[1] The ABIM Individuals are various ABIM officers and directors: Richard J. Baron, M.D., Christine K. Cassel, M.D., Lynn O. Langdon, Eric S. Holmboe, M.D., David L. Coleman, M.D., Joan M. Von Feldt, M.D., and Naomi P. O'Grady, M.D. They reside, variously, in Pennsylvania, Illinois, Massachusetts, Delaware, Maryland, and California.

Judge Waldor's Opinion and Order, and directs that this action, in which only Salas Rushford's counterclaims and third-party complaint remain, be transferred to the District of Puerto Rico.

## II.     Factual and Procedural Background

The Court assumes familiarity with the case and its two prior opinions (D.E. 26, 153), and recounts the relevant background only briefly.  ABIM is an Iowa corporation that oversees the board certification process for internal medicine physicians, which includes administering a one-day, computer-based exam given annually on different days at testing centers nationwide and abroad.[2] (D.E. 1, Compl. ¶¶ 12, 14.)  Salas Rushford resides and practices medicine in Puerto Rico, where he registered to take the 2009 ABIM exam.  (*Id.* ¶ 31.)  In preparation, he enrolled in a preparatory course given in New York by Arora Inc., a New Jersey corporation that gives courses to physicians seeking board certification.  (*Id.* ¶ 32.)

In December 2009, ABIM sued Arora (the "ABIM-Arora action") in the Eastern District of Pennsylvania, alleging that the company "unlawfully obtained ABIM's secure [e]xamination items by mobilizing course attendees to divulge the contents of the [e]xamination" in violation of federal copyright law.  *Am. Bd. of Internal Med. v. Arora*, No. 09-05707, Docket Entry 1, at 1 (E.D. Pa. Dec. 2, 2009).  That complaint also named John Doe defendants, "a presently unknown number of past and/or present candidates for Board Certification who have complied with [Arora's] requests…to provide secure, copyrighted [e]xamination content to Arora for further dissemination."  *Id.*  The ABIM-Arora action settled and was dismissed in mid-2010.  *See id.*, Docket Entry 24 (E.D. Pa. June 11, 2010).

---

[2] Non-identical tests are offered through the month of August, which offers early test-takers the opportunity to alert later test-takers about content.  To guard against this, ABIM requires that before they take the exam, all candidates must sign a "Pledge of Honesty" whereby they promise "not to disclose, copy, or reproduce any portion of the material contained in the Examination." (Compl. ¶¶ 18-20.)

It took ABIM until October 2014 to sue Salas Rushford in this district, alleging in a one-count complaint that he was among those John Doe "past candidates" who unlawfully shared exam questions with Arora. Salas Rushford moved to dismiss for lack of personal jurisdiction. (D.E. 8.) Early in 2015, while Salas Rushford's motion to dismiss was pending in this district, ABIM sued him in the District of Puerto Rico in a parallel action, asserting a copyright infringement claim identical to the one it filed here. In both actions, Salas Rushford filed counterclaims against ABIM and a third-party complaint against the ABIM Individuals alleging malicious breach of contract, commercial disparagement under the Lanham Act, 15 U.S.C. § 1125(a), and tortious conduct under Article 1802 of the Puerto Rico Civil Code. In these claims Salas Rushford challenged ABIM's publication on its website that Salas Rushford's board certification was "suspended" during a disciplinary investigation, as well as the manner in which that investigation and subsequent hearings were conducted. In addition to his motion to dismiss, Salas Rushford moved to stay the action in this district pending the result of the Puerto Rico litigation and for sanctions. In September 2015 this Court denied Salas Rushford's motions (D.E. 26, 27) and in the same month, the district court in Puerto Rico dismissed the parallel action without prejudice.

Salas Rushford then moved for judgment on the pleadings on the basis that ABIM's lawsuit for copyright infringement was barred by the three-year statute of limitations. In March 2017, this Court granted the motion, and dismissed ABIM's complaint with prejudice. (D.E. 153, 154.) Following that decision, ABIM and the ABIM Individuals moved (D.E. 164) for judgment on the pleadings on Salas Rushford's counterclaims and third-party complaint, and Salas Rushford moved (D.E. 165) to sever and transfer them to the District of Puerto Rico.

Judge Waldor granted Salas Rushford's motion to sever and transfer in the Opinion and Order from which ABIM now appeals.

### III. Standard of Review

A magistrate judge is accorded wide discretion in addressing non-dispositive motions, and this Court may not reverse, modify, or vacate a magistrate judge's order addressing a non-dispositive motion unless that order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *see also EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). The standard of review "requires the District Court to review findings of fact for clear error and to review matters of law de novo." *EEOC*, 866 F.3d at 99.

"Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where the case might have been brought . . . for the convenience of the parties and witnesses and in the interest of justice." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018). The movant must establish the need for the transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). In applying § 1404(a), the Third Circuit has directed courts to balance "all relevant factors" to determine whether litigation "would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In *Jumara,* the court enumerated 12 other

considerations, comprised of six private interests and six public interests, commonly known as the *Jumara* factors.[3]

ABIM and the ABIM Individuals challenge the Opinion and Order on the grounds that it 1) did not properly consider whether the District of Puerto Rico has personal jurisdiction over the ABIM Individuals; 2) relied on pleadings, rather than evidence; 3) erroneously balanced the *Jumara* factors; and 4) granted relief that is either unclear (in terms of whether severance was ordered) or unfair (by allegedly creating two overlapping cases in two fora if severance was in fact ordered).

### IV. Discussion

#### A. Personal Jurisdiction and Venue Analysis

The Opinion and Order's venue transfer analysis began, as required, with the threshold issue of whether this action "might have been brought" in the District of Puerto Rico, an inquiry that involves determining whether the transferee court is a proper venue and can exercise personal jurisdiction over the parties.

ABIM and the ABIM Individuals take issue with three aspects of Judge Waldor's personal jurisdiction analysis: first, they claim that the Opinion and Order gave undue weight to Salas Rushford's residence. (D.E. 174-1, ABIM Appeal Br. 10-11.) Second, they argue that the

---

[3] The private factors are: (1) the plaintiff's choice of forum; (2) the defendant's preference of forum (3) whether the claim arose elsewhere; (4) the convenience of the parties' financial and physical conditions; (5) the convenience of the expected witnesses; and (6) the location of books and records. 55 F.3d at 879. Public considerations include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies; (5) the public policies of the fora; and (6) in diversity cases, the familiarity of the trial judge with the applicable state laws. *Id.* at 879–80. More recently, the Third Circuit has reclassified the second public interest factor as a private interest factor, but still requires consideration of judicial economy as a public interest factor. *See In re Howmedica Osteonics Corp.*, 867 F.3d 390, 402 n.7 (3d Cir. 2017).

5

Opinion and Order failed to separately assess the jurisdictional contacts of the ABIM Individuals and ABIM, "thus conflat[ing] the contacts of individuals with those of ABIM." (*Id.* 10-13.) Third, they assert that Judge Waldor erred by failing to conduct a claim-specific personal jurisdiction analysis. (*Id.* 13-15.) The Court addresses each challenge in turn.

Judge Waldor began the analysis by finding Salas Rushford's "status as a resident and (former) board-certified doctor in Puerto Rico who registered for and undertook the exam in Puerto Rico" to be "critical" to the determination that Puerto Rico would have personal jurisdiction. (Opinion and Order 6.) ABIM argues that this focus on Salas Rushford's residence contravenes *Walden v. Fiore*, 571 U.S. 277 (2014). (ABIM Appeal Br. 10.)

The facts in *Walden* are readily distinguishable. Respondents Gina Fiore and Keith Gipson, professional gamblers returning home to Nevada with $97,000 in cash winnings, had their cash seized in an Atlanta airport by Anthony Walden, a local police officer working with the Drug Enforcement Administration. When Fiore and Gipson got back to Nevada, they filed a *Bivens* action against Walden in the District of Nevada, alleging that Walden's search and seizure of the money violated their fourth amendment rights. The district court dismissed for lack of personal jurisdiction, concluding that residency is an insufficient basis for establishing jurisdiction. 571 U.S. at 281. The Ninth Circuit reversed. The Supreme Court granted certiorari and reversed the Ninth Circuit. Observing that Walden's "relevant conduct occurred entirely in Georgia," the Court reasoned that "the mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id*. at 291. Personal jurisdiction demands that the "defendant's conduct connect[] him to the forum in a meaningful way." *Id*. at 290.

The meaningful nexus that the Supreme Court failed to find between Walden and the proposed forum can be found between ABIM and the ABIM Individuals and the District of Puerto Rico. As Judge Waldor properly concluded, "[a]ny accreditation, certification, oversight, or revocation by ABIM via the acts of the ABIM Individuals with respect to Salas Rushford pertains rather purposefully to the latter's existence and practice in Puerto Rico as well as Puerto Rico itself as a place that hosts doctors and patients with laws governing the same." (Opinion & Order 6.)

ABIM's contention that Judge Waldor impermissibly aggregated jurisdictional contacts is equally unavailing. (ABIM Appeal Br. 10-12.) As noted in Salas Rushford's opposition, "the grouping [of the ABIM Individuals] is natural because they acted in concert through their positions in ABIM" (D.E. 177, Opp. to ABIM Appeal Br. 2-3), which are described in sufficient detail in the counterclaim and third-party complaint (*see* D.E. 33). The Court is satisfied that Judge Waldor conducted a defendant-specific analysis, properly considering the forum contacts of ABIM and the each of the ABIM Individuals separately.

Likewise, Judge Waldor's personal jurisdiction analysis was claim-specific. Examining Salas Rushford's claims, Judge Waldor found that: (1) "[he] plainly alleged the broad roles of the ABIM Individuals in relation to his claims arising under Puerto Rico law, i.e., he cite[d] the ABIM Individuals' direct communications with him throughout the appeals and revocation process, including through letters and their service on a hearing panel"; (2) "[he] clearly articulate[d] his view that his board certification and his pursuit thereof were governed by ABIM's policies and procedures such that a contractual relationship existed and was breached through ABIM's and the ABIM Individuals' mishandling of the adjudicatory process"; and (3) these "allegations buttress his claims of tortious, malicious, negligent conduct with respect

to, again, his status as a doctor in Puerto Rico taking the board exam in Puerto Rico so as to hold board certification in relation to his practice in Puerto Rico." (*Id*. at 6-7.)

ABIM also argues that the Order and Opinion fails to conduct a distinct venue analysis to determine whether "a substantial part of the events or omissions giving rise to [Salas Rushford's] claims took place in Puerto Rico," but rather concludes that venue would be proper in the District of Puerto Rico "for essentially the same reasons that it concludes that personal jurisdiction . . . is proper." (ABIM Appeal Br. 18-19, citing 28 U.S.C. § 1391(b)(2).) Next, ABIM seems to suggest that upon a proper venue analysis, the Court should find venue is proper in Pennsylvania because Salas Rushford's claims "focus on the alleged mishandling of the adjudicatory process, which took place in Pennsylvania, not Puerto Rico." (*Id.* 19 (internal citations omitted).)

Arguably, some of the events giving rise to Salas Rushford's claims are related to ABIM's adjudicatory process. But ABIM's conclusion that proper venue for these claims is restricted to Pennsylvania is unpersuasive. Integral to Salas Rushford's claims is the fact that ABIM's board certification business serves to inform the public of a doctor's professional standing, and the "public" in this case consists of Salas Rushford's past, present, and future patients in Puerto Rico. They form a target population for the negative information he is suing about. Thus, the Court finds that a substantial part of the events giving rise to Salas Rushford's claims took place in Puerto Rico, and venue is proper there.

This Court discerns no clear error in Judge Waldor's findings, which are based on application of the correct legal standards, and affirms her conclusion that Salas Rushford has sufficiently "demonstrated personal jurisdiction and venue." (Opinion and Order 7.)

### B. Basis of the Ruling

As part of its argument, ABIM contends that Judge Waldor improperly relied on allegations and not facts in her decision. (ABIM Appeal Br. 17-18.) Relying on *Plum Tree, Inc. v. Stockment*, 488 F.2d 754 (1973), in which the Third Circuit reversed a transfer order, ABIM argues that "Third Circuit law demands that a motion to transfer be supported by evidence, not allegations," and that Judge Waldor's ruling "is tainted by repeated instances of crediting defendant's bare and conclusory allegations." (ABIM Appeal Br. 17-18.) But ABIM overlooks the procedural history in *Plum Tree*, or rather the lack thereof. That district court ordered transfer without conducting an oral argument or issuing a written opinion. 488 F.2d at 756. Finding there was "no evidence before the district court upon which it could base a finding that a transfer order was justified," the court reversed, as opposed to determining that the district court ruled improperly on insufficient evidence. *Id.* (emphasis added). Indeed, in *Plum Tree* the Third Circuit noted that defendants "did not support their motion to transfer with any affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for a transfer under 28 U.S.C. § 1404(a). Nor did they submit any briefs or make any oral argument demonstrating that facts existed which were sufficient to justify a transfer." *Id.*

Here, in contrast, Salas Rushford's arguments are based on a record that spans several years and includes discovery, written opinions, and oral argument in both New Jersey and Puerto Rico. Throughout the litigation, pleadings, and exhibits that Judge Waldor referenced—the ABIM website, the administration of exams in Puerto Rico, Salas Rushford's status as an internal medicine physician in Puerto Rico—were uncontested facts.

9

What matters here is the practical observation in a different Circuit opinion that "[i]t is not necessary that the transfer order be accompanied by a lengthy statement . . . describing the court's reasons for transferring a case—as long as there is a sufficient explanation of the factors considered, the weight accorded them, and the balancing performed." *In re United States*, 273 F.3d 380, 387 (3d Cir. 2001). This Court is satisfied that Judge Waldor's ruling is sufficiently fact-based to meet the requirements of Third Circuit jurisprudence, and ABIM's argument to the contrary is rejected.

### C. *Jumara* Factors

ABIM also contests Judge Waldor's balancing of the relevant factors set out in *Jumara*, 55 F.3d at 878-80, particularly her assessment of the availability of non-party witnesses. (ABIM Appeal Br. 19.) "Convenience of witnesses" is one of the three enumerated factors under § 1404(a), and is among the six private interests to be considered on a transfer motion pursuant to *Jumara*. The Third Circuit has stated that this factor should only be considered "to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 880.

Judge Waldor individually considered each *Jumara* factor.[4] Assessing the convenience of witnesses, she determined that "in light of the state of discovery and the prospect of the swift conclusion of this case through additional dispositive motions and trial," this factor was neutral. Overall Judge Waldor found four of the 12 factors to weigh in favor of transfer and the remaining eight to be neutral. Thus, even if Judge Waldor had found that the convenience and

---

[4] Because this Court dismissed ABIM's claim with prejudice, leaving Salas Rushford as the sole plaintiff, Judge Waldor recognized that Salas Rushford's forum preference takes on newfound significance. (Opinion & Order 8.)

10

availability of witnesses factor weighed in favor of ABIM, the final determination would not likely have been affected.

Significantly, and again paying attention to practicalities, Judge Waldor's Opinion and Order found that while transfer to the District of Puerto Rico will necessitate air travel, the increased distance does not result in an appreciable cost with respect to the ease of trial. Her ruling underscores the reality that "the parties managed to litigate the matter thoroughly and efficiently in the District of Puerto Rico before the dismissal of the parallel action" (Opinion & Order 9) – a parallel action that, this Court adds, was initiated by ABIM.

Additionally, in evaluating the public interest factor concerning the local interest in deciding the matter, Judge Waldor properly recognized that Puerto Rico has "a considerable interest since the outstanding claims concern the medical practice of one of its own," and that a district judge in Puerto Rico "will possess much greater familiarity with [Salas Rushford's] claims" under Puerto Rico law. (*Id.* at 9-10.)

The Court evaluates ABIM's arguments on this appeal with the recognition that while there was a fight to the finish when this litigation began about whether New Jersey or Puerto Rico was best suited as the forum, things have changed considerably. ABIM's lawsuit has been dismissed with prejudice as time barred. What is at issue are Salas-Rushford's counterclaims, which focus on a different harm. As such, Judge Waldor's findings and conclusions on his motions to sever or transfer venue represent a proper exercise of her considerable discretion and reflect appropriate consideration of the efficiency goals that underlie 28 U.S.C. § 1404(a). *See, e.g.*, *Liggett Grp. Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 525-26 (D.N.J. 2000) (Lechner, J.) ("The purpose of Section 1404(a) is to avoid the waste of time, energy and money

11

and, in addition, to safeguard litigants, witnesses and the public against avoidable inconvenience and expense.").

### D. Relief Granted in the Ruling

Finally, ABIM and the ABIM Individuals argue that it is not clear whether Judge Waldor ordered severance of ABIM's dismissed claim from Salas Rushford's pending counterclaim and third-party complaint. (ABIM Appeal Br. 22-23). According to ABIM if severance and transfer constitute what she ordered, the ruling is unfair because it could lead to duplicative proceedings in two jurisdictions if the dismissal of ABIM's claim is reversed on appeal. (*Id.*)

As an initial matter, ABIM itself filed its copyright claim against Salas Rushford in the District of Puerto Rico in the parallel action that was dismissed without prejudice. Moreover, as Judge Waldor observed, because ABIM failed to bring its claims against Salas Rushford within the statute of limitations, in practical effect its complaint was not viable when Salas Rushford asserted his counterclaims and third-party complaint. (*See* Opinion and Order 8.) Transferring them to the district of Puerto Rico, the forum where they could have been brought and under these circumstances should be brought, is the appropriate course of action.

Additionally, as noted by Salas Rushford, the Third Circuit has held that "nothing within § 1404 prohibits a court from severing claims against some defendants from those against others and transferring the severed claims." *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999). ABIM's reliance on *Sunbelt Corp. v. Noble, Denton & Associates, Inc.* in opposing severance is misplaced, largely because that case involved severing defendants, not claims. 5 F.3d 28 (3d Cir. 1993). In *Sunbelt*, the plaintiff sued two separate defendants in the Eastern District of Pennsylvania on separate contracts, one of which contained a forum selection clause. *Id.* at 29-30. The district court transferred the plaintiff's claims to the Southern District of Texas

12

based on the forum selection clause. *Id.* The claims against both defendants sounded in breach of contract and negligence. The plaintiff successfully sought review by mandamus, and the Third Circuit reversed, holding that because the transferee court lacked personal jurisdiction over the co-defendant who did not benefit from the forum selection clause, the Southern District of Texas was not a court in which the action "might have been brought." *Id.* at 33. The decision also addressed an inherent problem in severing:

> To grant severance here would place each defendant in the position of being able to defend by asserting the absent party's negligence. We refuse to encourage a result which in our view hampers rather than furthers the administration of justice. We conclude here that it would not be consistent with a sound exercise of discretion for the district court to grant severance in this case.

*Id.* at 34.

Judge Waldor's ruling severed claims, not defendants. As she wrote at the end of her opinion, her order "extracted" the claims because the dismissal with prejudice of ABIM's copyright case in this district effectively unmoored Salas Rushford's complaint and counterclaims, which, contrary to *Sunbelt,* could properly be brought in the District of Puerto Rico.

### V. Conclusion

The Court affirms Judge Waldor's ruling granting Salas Rushford's motion to sever his counterclaims and transfer them to the District of Puerto Rico.

Dated: June 6, 2019

s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.