UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AMERICAN BOARD OF INTERNAL MEDICINE,**<br><br>*Plaintiff,*<br><br>v.<br><br>**JAMIE SALAS RUSHFORD, M.D.,**<br><br>*Defendant.* | Civil Action No. 14-cv-6428 (KSH) (CLW)<br><br>**OPINION AND ORDER** |

**CATHY L. WALDOR, U.S.M.J.**

I. **INTRODUCTION**

This matter comes before the Court on Defendant's motion for reconsideration (the "Motion") of the Court's May 17, 2024 Order, (the "Order," ECF No. 222), granting Plaintiff's motion to seal portions of the parties' summary judgment briefing. (ECF No. 221). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves Defendant's application without oral argument. For the reasons stated below, Defendant's Motion is **denied**.

II. **BACKGROUND**

The Court assumes familiarity with the facts and procedural history underlying this matter – discussed in full in the Order – and therefore will not recite them at length here. Briefly stated, the parties filed cross motions for summary judgment, opposition briefs, and reply memorandums in support of their respective motions. (ECF Nos. 207, 212, 214, 215, and 216). In its motion and reply, Plaintiff relied upon, among other things, the confidential deposition testimony of Dr. Geraldine Luna and Benjamin Mannes. Following the summary judgment briefing, Plaintiff moved for an order permanently sealing the "Confidential Materials," i.e.,

confidential information consisting of (a) select deposition testimony of third-party witnesses, (b) a confidential settlement agreement with one of those third-party witnesses; and (c) an email between Plaintiff's counsel and that third party witness's counsel discussing the terms of the confidential settlement agreement, which this Court granted on May 17, 2024.

Defendant filed an opposition to the Order, (ECF No. 223), which the Court construes as a motion for reconsideration.  (ECF No. 224).  Defendant seeks reconsideration of the Order with respect to permanently sealing the Confidential Materials, specifically with respect to witness Dr. Geraldine Luna.[1]  Plaintiff filed its opposition to the Motion on June 17, 2024.  (ECF No. 225). On September 30, 2024, the Hon. Katherine S. Hayden denied Plaintiff's motion for summary judgment and granted Defendant's cross motion.  (ECF No. 227).  Judge Hayden's opinion, (ECF No. 226), remains under temporary seal until the Motion at hand is decided.  (ECF No. 229).

### III.  LEGAL STANDARD

#### A.  Legal Standard with Respect to a Motion for Reconsideration

"[R]econsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)).  A motion for reconsideration may be granted if: "'(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'"  *Id*. (citing *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Accordingly, "[m]ere disagreement with the Court's decision does not

---

[1] Defendant agreed to Plaintiff's "legitimate confidentiality requests as to [Plaintiff's former employee Benjamin] Mannes."  (Def. Motion for Reconsideration, ECF No. 223 at 2).

2

suffice." *ABS Brokerage Servs., LLC v. Penson Fin. Servs.*, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (quoting *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).  A party seeking reconsideration thus faces a "high burden." *Id*. at *5.

Under Local Civil Rule 7.1(i), a motion for reconsideration requires a party to set forth the "matter or controlling decisions which the party believes the Judge has overlooked." *L. Civ. R.* 7.1(i).  Such motion "may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Shanahan v. Diocese of Camden*, 2014 WL 1217859, at *2 (D.N.J. Mar. 21, 2014) (quoting *A & L Indus., Inc. v. P. Cipollini, Inc.*, 2013 WL 6145766, *1 (D.N.J. Nov. 21, 2013)) (cleaned up).

### B. Legal Standard with Respect to a Motion to Seal

There is a presumptive right of public access to judicial proceedings and records[2] under the common law and First Amendment.  *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672-73 (3d Cir. 2019) (hereinafter, *Avandia*).  Local Civil Rule 5.3 requires a party seeking to seal any part of a judicial record to show a "clearly defined and serious injury that would result if the relief sought is not granted" and that "a less restrictive alternative to the relief sought is not available."  *L. Civ. R.* 5.3(c)(3)(d) and (e).  Such party also bears the burden of demonstrating that "'the material is the kind of information that courts will protect,'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)), and that there is "good cause" to seal the materials. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).  Good cause means a showing that disclosure would cause a clearly defined and serious injury. *Id.* "Broad allegations of harm, bereft of specific

---

[2] Documents filed in connection with a motion for summary judgment, or any other "pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith" are considered judicial records. *Avandia*, 924 F.3d at 672.

3

examples or articulated reasoning, are insufficient." *Avandia*, 924 F.3d at 673 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

A sealing order can be appropriate as to the confidential information of non-party witnesses who have not consented to their personal information being made public. *Wickens v. Rite Aid Hdqtrs. Corp.*, 2021 WL 5876695, at *2 (M.D. Pa. Feb. 23, 2021). Courts have recognized that disclosure of non-party information may outweigh the right of public access to the information, as such disclosure can cause serious harm to a non-party's reputation and privacy interests, thereby sufficient to overcome any presumption of public access. *Id.* Courts may also deny access to settlement agreements where the parties entered into those agreements with an expectation of confidentiality, as disclosure can "undermine both the non-party's privacy interests and Defendant's ability to engage in private dispute resolution." *Wickens*, 2021 WL 5876695, at *2; *see also LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 223 (3d Cir. 2011) (upholding the denial of a motion to unseal documents regarding a settlement agreement after determining the parties would not have entered into the agreement absent an assurance of confidentiality).

### IV.  ANALYSIS

In its Motion, Defendant does not contest the applicable legal standard relating to a motion to seal (i.e., there has been no "intervening change in the controlling law"), nor does he argue that "evidence not previously available has become available." (Def. Motion for Reconsideration, ECF No. 223 at 3); *Brackett*, 2003 WL 22303078, at *2. Rather, Defendant argues that the Court misapplied the law, and therefore the Order sealing the summary judgment materials should be overturned to correct this "clear error." *Id.*

Specifically, Defendant submits that Plaintiff did not "provide with particularity, based on personal knowledge, any clearly defined and serious injury that would result" if the Confidential

4

Materials were left unsealed.  (Def. Motion for Reconsideration, ECF No. 223 at 4).  Defendant alleges that Plaintiff's claims of potential injury to Dr. Luna are "not based on personal knowledge, and instead consists of only generalized speculation about what Dr. Luna's interest may be." (*Id.* at 4-5).  Defendant argues that the Court "overlooked" the specificity component of the legal standard, and therefore because Plaintiff does not "clearly define" Dr. Luna's injury, the motion to seal must fail.  *L. Civ. R.* 7.1(i); (Def. Motion for Reconsideration, ECF No. 223 at 4-5).

The Court disagrees that Dr. Luna would not be harmed by disclosure of the terms of the confidential settlement agreement, for the same reasons set forth in its Order:

> "First, the terms of Dr. Luna's settlement agreement with ABIM are confidential, and she relied upon the confidentiality of that agreement as a term of entering into it; the materiality of that term is evidenced by the inclusion of a confidentiality clause in the settlement agreement.  Second, the email exchange between counsel that ABIM seeks to permanently seal discusses the terms of that confidential settlement agreement.  Finally, her deposition testimony arises from her confidential settlement with ABIM.  Disclosure of these materials would harm Dr. Luna and undermine the promise of confidentiality pursuant to which she entered into her agreement with ABIM."

(Order ¶ 15, ECF No. 222).  The Court previously found that Dr. Luna's expectation of confidentiality with respect to the settlement agreement overcame a presumption of public access to the Confidential Materials, as disclosure could cause harm to her reputation and privacy interests (*Id.* ¶¶ 14-15).  While Defendant disagrees with this analysis, its opposition alone "does not suffice" to overturn the Order.  *ABS Brokerage*, 2010 WL 3257992, at *6.

Defendant also alleges that Plaintiff fails to use "the least restrictive means" to assert confidentiality, and that any confidentiality interests of Dr. Luna "could be fully protected simply by redacting her name from the documents." (Def. Motion for Reconsideration, ECF No. 223 at 2).  However, this Court previously found that Plaintiff demonstrated there was "no less restrictive alternative to the relief sought," and that while the confidential information "is necessary to the parties' briefing," it must be protected from disclosure to keep it confidential.  (Order ¶ 29, ECF

5

No. 222). The Court held that Plaintiff proposed "the most limited possible redactions of the parties' briefing and statement of facts"; specifically, because all of Dr. Luna's deposition "is confidential and arises from her confidential agreement with [Plaintiff], filing that exhibit under seal is the only reasonable means of protecting that information." (*Id.* ¶ 17). In other words, "no less restrictive alternative" to permanently sealing the Confidential Materials is available. (*Id.* ¶ 29). "Likewise, the entire settlement agreement and email correspondence must be filed under seal because otherwise, the entirety of those documents would need to be redacted, leaving no practical or material difference between or benefit to be gained by redacting those documents as opposed to sealing the documents entirely." (*Id.* ¶ 17).

Defendant's Motion does not submit a change in controlling law regarding motions to seal, new evidence, or that overturning the Court's Order would "prevent manifest injustice." *ABS Brokerage*, 2010 WL 3257992, at *6. Rather, Defendant simply disagrees with the Court's decision to seal the Confidential Materials. This alone does not meet the "high burden" for the Court to reconsider its Order. *Id.* at *5-6. Accordingly, Defendant's opposition to, and request for reconsideration of, the Court's Order sealing the Confidential Materials should not be granted.

V.      **CONCLUSION**

For the reasons stated, Defendant's motion for reconsideration, (ECF No. 223), is denied. Accordingly, it is on this 25th day of November, 2024,

**ORDERED** that Defendant's Motion for Reconsideration of the Court's Order to Seal the Confidential Materials is **DENIED**; and it is further

**ORDERED** that the Confidential Materials will remain permanently **SEALED**.

*s/ Cathy L Waldor*
**Hon. Cathy L. Waldor, U.S.M.J.**

6