<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE, | |
| *Plaintiff,* | Civil No.: 14-cv-6428 (KSH) (CLW) |
| v. | |
| JAMIE SALAS RUSHFORD, M.D., | |
| *Defendant.* | <u>**OPINION**</u> |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

**I.       Introduction**

Two applications are before the Court.  First is the motion filed by plaintiff American Board of Internal Medicine ("ABIM") (D.E. 234) to maintain under permanent seal the Court's September 30, 2024 summary judgment opinion and to have redactions applied to the forthcoming publicly available copy of the opinion.  Second is the appeal (D.E. 235) by defendant Dr. Jaime Salas Rushford ("Salas Rushford") from Magistrate Judge Cathy L. Waldor's ruling (D.E. 232) denying reconsideration of her earlier order (D.E. 222) permitting portions of the summary judgment motion record to remain under permanent seal.

**II.      Background**

**A.  Procedural History**

As has been discussed in the Court's prior rulings and throughout this litigation, Salas Rushford sat for and passed the 2009 administration of ABIM's internal medicine board certification exam.  ABIM later accused him of infringing its copyrighted exam material by emailing it to Dr. Rajender Arora ("Arora"), the proprietor of a test-preparation company, ABR,

whose review course Salas Rushford had attended.  On September 30, 2024, this Court granted

Salas Rushford's motion for summary judgment on ABIM's copyright infringement claim

against him, which by then was the only remaining claim.  The papers on the summary judgment

motion were at that point partially filed under seal awaiting the outcome of motion practice

pending before Judge Waldor.  As such, this Court filed its opinion, which cited aspects of the

summary judgment motion record, under seal, and in the accompanying order directed the parties

to file an appropriate motion to seal by October 9, 2024 if they sought to retain the opinion, or

any portion of it, under seal.  (D.E. 227.)

On October 7, 2024, the Court extended that deadline, ordering that the opinion would

remain under temporary seal until Judge Waldor ruled on the motion pertaining to the summary

judgment motion record.  (*See* D.E. 229.)  The Court directed the parties to confer to narrow or

eliminate their sealing contentions as to the opinion, given that the interest in public access to

judicial opinions is particularly strong.  (*Id.*)  On November 25, 2024,[1] Judge Waldor issued an

order (D.E. 232) adhering to her previous ruling (D.E. 222) that portions of the motion record

could remain permanently sealed.  The next day the Court issued this text order setting a briefing

schedule for the motion directed to the sealing of the summary judgment opinion:

> The strong presumption of openness governing judicial records, which, among
> other virtues, promotes confidence in and respect for, the judicial process, is
> particularly acute with respect to judicial opinions, and a litigant seeking to limit
> the public's access to any part of a judicial opinion has a high burden to
> overcome. This Court's summary judgment opinion [D.E. 226] was issued nearly
> two months ago and remains under seal [D.E. 229]; there is no reason to further
> delay submissions on why that opinion should not be unsealed in full. Should
> either party seek to maintain the unredacted opinion under seal, that party shall
> file a motion to seal no later than December 6, 2024. A proposed redacted version
> of the opinion shall be included with the motion. Opposition to the motion shall
> be filed by December 13, 2024. To the extent the movant intends to assert the

---

[1] The decision was issued on November 25 but entered the next day, making Salas Rushford's
December 10, 2024 appeal (discussed below) timely.

rights of any nonparty, the movant shall address its standing to do so and its submission shall reflect the position of the nonparty with respect to the motion.

(D.E. 233.)  On December 6, 2024, ABIM filed its motion to seal the summary judgment opinion, seeking 15 redactions, all of which relate to Dr. Geraldine Luna, a former colleague of Salas Rushford who became a witness against him in this litigation.  (D.E. 234.)  In support of its motion, ABIM submitted an attorney declaration (D.E. 234-1, Declaration of Paul Lantieri III, Esq. dated Dec. 6, 2024 ("12/6/24 Lantieri Decl.")), attaching an index of proposed redactions in the form specified by L. Civ. R. 5.3.  Salas Rushford timely opposed on December 13, 2024. (D.E. 236.)

On December 10, 2024, Salas Rushford appealed to this Court from Judge Waldor's November 25 order maintaining the seal on portions of the summary judgment record.  (D.E. 235.)  ABIM timely opposed on December 23, 2024.  (D.E. 239.)

### B.  Subject Material

To provide context for the Court's analysis of the parties' positions on both applications before the Court, it is necessary to discuss the summary judgment filings in some detail.

ABIM filed its motion for summary judgment under seal on February 9, 2024.  (D.E. 207.)  In a February 19, 2024 letter, Salas Rushford opposed "sealing any filings at this advanced stage in the case," asserting that "[t]here is no justification for confidentiality that would overcome the strong presumption of full public access" to what ABIM was relying on to make its motion.  (D.E. 209.)  He targeted, in particular, references contained in ABIM's motion papers and his anticipated cross-motion to Luna, whom he described as a "key witness of ABIM."  (*Id.* at 1.)  He sought permission to make arguments about Luna "without redaction in our brief and, to the extent relevant, to file th[e] ABIM-Luna settlement agreement on the public docket along with our other exhibits."  (*Id.* at 1-2.)

3

On February 20, 2024, Judge Waldor directed ABIM to file a redacted version of its summary judgment motion and to file an appropriate motion to seal after conferring with Salas Rushford.[2] (D.E. 210.) ABIM's unredacted summary judgment motion, D.E. 207, would remain sealed until further order. (*Id.*) ABIM filed a redacted, publicly available version of its summary judgment motion the same day. (D.E. 211.) Its brief and Rule 56.1 statement were redacted, and two exhibits – exhibit 12, Luna's deposition transcript, and exhibit 22, the deposition transcript of an investigator working for ABIM, Benjamin Mannes – were omitted, with slipsheets in their place. (*See* D.E. 211-1 (redacted moving brief); D.E. 211-2 (redacted R. 56.1 statement); D.E. 211-14 (slipsheet for exhibit 12); D.E. 211-24 (slipsheet for exhibit 22).)

On March 1, 2024, Salas Rushford opposed ABIM's summary judgment motion and cross-moved for summary judgment in his favor. (D.E. 212.) This filing, which included a brief, a responsive Rule 56.1 statement, a Rule 56.1 statement in support of the cross-motion, and various exhibits (among them, excerpts from Luna's deposition transcript; Luna's settlement agreement with ABIM; a related email; and excerpts from Mannes's deposition transcript), was not redacted or made under seal. Whether Salas Rushford was intentionally flouting Judge Waldor's order is unclear, but ABIM did not object or seek to have the filing temporarily sealed.

Three weeks later, on March 22, 2024, ABIM filed a combined reply in support of its summary judgment motion and opposition to Salas Rushford's cross-motion. It filed a redacted version (D.E. 214) and an unredacted version under seal (D.E. 215). On April 5, 2024, Salas Rushford filed his reply brief. (D.E. 216.) It was neither redacted nor filed under seal. ABIM did not object or seek temporary sealing.

---

[2] L. Civ. R. 5.3 requires a single, consolidated motion to seal to be filed after briefing on the underlying motion concludes. L. Civ. R. 5.3(c)(1), (2)(ii).

Under L. Civ. R. 5.3, a motion to maintain any of the summary judgment motion record under seal was due on April 19, 2024, *i.e.*, 14 days after Salas Rushford filed his reply brief. L. Civ. R. 5.3(c)(2)(ii). ABIM twice requested an extension of this deadline, with Salas Rushford's consent, so that the parties could continue conferring about the scope of materials for which sealing would be sought. (D.E. 217, 219.) In its extension requests, ABIM did not mention that Salas Rushford's summary judgment submissions had not been made under seal, nor did it seek to have those submissions temporarily sealed.

ABIM ultimately filed its motion to seal on May 15, 2024. (D.E. 221.) The motion reflects that the parties' meet-and-confer efforts bore some fruit, with ABIM representing that it had "agreed to de-designate certain portions of the briefing it had redacted in the temporarily sealed filings." (D.E. 221-1, Declaration of Paul Lantieri III, Esq., dated May 15, 2024 ("5/15/24 Lantieri Decl.") ¶ 2 n.1.)

Nonetheless, despite professing to have "narrow[ed] substantially" (*id.* ¶ 5) what it wanted to keep sealed, ABIM still wanted 80 redactions made to the summary judgment motion record and also sought to seal three documents in their entirety (Luna's deposition testimony, which appeared twice on the docket; her settlement agreement with ABIM; and a related email). All but two of the proposed redactions related to Luna; Salas Rushford opposed all of those. He did not (and continues to not) oppose the two redactions from the Mannes deposition transcript. ABIM's index of proposed redactions included a column listing the party, if any, opposing each redaction request and the basis for that position. (*See* D.E. 221-1, App'x A.) Salas Rushford's objection to every Luna-related entry is noted in this column.[3]

---

[3] The same notation appears for each entry: "Defendant contends that this information is not confidential." The lone exception is the entry for the Mannes deposition excerpts, as to which

ABIM's motion did not acknowledge that Salas Rushford's summary judgment filings (which by then had been docketed two and a half months earlier and a month earlier, respectively) had not been made under seal, nor did it seek temporary sealing of those filings while the motion to seal remained under consideration.   The moving papers did, however, recite the filing history of each side's summary judgment submissions, specifying that ABIM's filings were made in both sealed and redacted form, while for Salas Rushford's submissions, it simply stated when he filed his cross-motion/opposition, and when he filed his reply.  (*Compare* 5/15/24 Lantieri Decl. ¶¶ 7, 9 *with id.* ¶¶ 8, 10.)  ABIM also listed passages and exhibits from Salas Rushford's filings among the redactions it sought.  (5/15/24 Lantieri Decl., App'x A.)

On May 17, 2024, two days after ABIM filed its motion to seal, Judge Waldor granted it. (D.E. 222.)  The order permanently sealed "the Confidential Materials," defined as "confidential information consisting of (a) select deposition testimony of third-party witnesses [*i.e.*, Luna and Mannes]; (b) a confidential settlement agreement with one of those third-party witnesses [*i.e.*, Luna]; and (c) an email between ABIM's counsel and that third party witness's counsel discussing the terms of the confidential settlement agreement."  (*Id.* ¶ 9; *see also id.* ¶¶ 6-7.)  The redactions and sealed documents were specified in the index attached to the declaration of counsel in ABIM's motion.  (D.E. 221-1, 5/15/24 Lantieri Decl., App'x A.)

Eleven days later, on May 28, 2024, Salas Rushford filed what he framed as an opposition to ABIM's (already granted) motion to seal, or, alternatively, as a motion for reconsideration of Judge Waldor's May 17 order.  (D.E. 223.)  Mirroring the positions attributed to him in ABIM's index of redactions, Salas Rushford argued that no redaction or sealing of

---

the objection column states that "No party objects to the sealing of these portions of the deposition transcript."

Luna-related information was warranted, but did not object to the redactions ABIM proposed with respect to Mannes' deposition transcript. His brief discussed certain contents of the Luna settlement agreement and related email. (D.E. 223, at 1-2.)

Judge Waldor construed Salas Rushford's filing as a motion for reconsideration and set a deadline for ABIM to oppose (D.E. 224), which it did on June 17, 2024 (D.E. 225). Again, ABIM's papers ignored the disclosures in Salas Rushford's brief about the contents of the settlement agreement or related email and it did not ask for that brief to be sealed. As noted earlier, Judge Waldor denied reconsideration on November 25, 2024, a decision now on appeal to this Court. That appeal is fully briefed, as is ABIM's motion to seal the summary judgment opinion.

While the parties have continued to litigate here the degree of access the public will have to the summary judgment record and the Court's opinion, the substance of the summary judgment ruling is currently on review to the Third Circuit. (D.E. 230.) Notwithstanding, this Court has jurisdiction to decide these applications, which do not involve the merits. *See, e.g.*, *Kirschling v. Atl. City Bd. of Educ.*, 2014 WL 5320162, at * (D.N.J. Oct. 17, 2014) (Hillman, J.) (ruling on motion to seal summary judgment exhibits while appeal from summary judgment ruling was on appeal; sealing was a "collateral issue that [did] not implicate the merits of the issues before the Third Circuit").[4]

---

[4] The Court also observes that ABIM moved to maintain the summary judgment opinion under seal on the Third Circuit's docket, and that the Third Circuit deferred resolution of that motion until this Court resolves the motion to seal pending before it. *Am. Bd. of Internal Med. v. Rushford*, Case No. 24-3012, Dkt. Entry 19 (3d Cir. Dec. 10, 2024). The appellate briefing is also currently stayed pending the outcome of the motion to seal in this Court. (*Id.*, Dkt. Entry 34.)

## III.    Discussion

### A.  Legal Standards for Sealing Documents

"[T]hree distinct standards" come into play when the confidentiality of documents is in issue. *In re Avandia Marketing, Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 669 (3d Cir. 2019).  Key here is the common law right of access, which stakes out a middle ground between the standard applied to questions about the confidentiality of discovery materials (which is the least rigorous for the confidentiality proponent to satisfy, and which relies on the factors in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), to assess whether "good cause" for a protective order exists), and the First Amendment right of access to civil trials (which is the most demanding for the sealing proponent to satisfy, and which, when it attaches, requires the proponent to satisfy strict scrutiny for public access to be restricted).  *Avandia*, 924 F.3d at 670.

The common law right of access applies to documents or records that qualify as a "judicial record," and begins with a presumption of public access to that judicial record.  *Id.* at 672.  A "judicial record" is a document either filed with the court or "otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* (cleaned up). Materials filed in connection with summary judgment proceedings qualify, *id.*, as do the Court's orders and opinions, *see, e.g.*, *In re Forbes Media LLC*, 2022 WL 17369017, at *4 (W.D. Pa. Dec. 2, 2022) (orders); *Lipocine Inc. v. Clarus Therapeutics, Inc.*, 2020 WL 4569473, at *3 (D. Del. Aug. 7, 2020) (opinions).

The presumption is overcome—that is, it is appropriate to restrict public access to judicial records—only if the proponent of sealing shows that the material is of a type that courts will protect and that "disclosure will work a clearly defined and serious injury to the party seeking closure."  *Avandia*, 924 F.3d at 672.  The interest in secrecy must outweigh the presumption of

8

access.  "[S]pecificity is essential" in describing the injury, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."  *Id.* at 673.

Only after conducting a "document-by-document review of the contents of the challenged documents," may a court conclude that a movant seeking to seal a judicial record has met its burden.  In so ruling, the court has to "articulate the compelling, countervailing interests to be protected," "make specific findings on the record concerning the effects of disclosure," and provide "an opportunity for interested third parties to be heard."  *Id.* at 672-73 (cleaned up).

This is a demanding standard for the movant to satisfy.  *See, e.g.*, *id.* at 675 (describing common law right of access standard as "exacting" and the presumption of access as "strong").  The vital role of public access explains why: access to judicial records "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court," while "diminish[ing] possibilities for injustice, incompetence, perjury and fraud."  *Id.* (cleaned up).  An open process also affords the public a better understanding of the judicial system and promotes a perception of its fairness.  *Id.*  *See also, e.g.*, *Onyx Enterprises Canada Inc. v. Royzenshteyn*, 2024 WL 3952048, at *1 (D.N.J. Aug. 27, 2024) (Day, Mag. J.) ("The public right of access to judicial proceedings and records is integral and essential to the integrity of the judiciary." (quoting *Mine Safety Appliances Co. v. North River Ins. Co.*, 73 F. Supp. 3d 544, 557 (W.D. Pa. 2014)).

Local Civil Rule 5.3 sets forth a procedural framework for motions to seal.   The motion must include, as part of a declaration that is based on personal knowledge, an index that "describ[es] with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive

alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3)(a)-(f).

The rule requires the motion to be made as a "single, consolidated motion on behalf of all parties, . . . including any non-party which has produced materials as to which it seeks to restrict public access." L. Civ. R. 5.3(c)(1). Because of this, the motion must also describe any objections to sealing and the basis for those objections. L. Civ. R. 5.3(c)(3)(g)-(h). Additionally, "[a]ny interested person may move to intervene pursuant to Fed. R. Civ. P. 24(b) before the return date" of the motion to seal. L. Civ. R. 5.3(c)(5).

### B. ABIM's Motion to Seal and Redact the Summary Judgment Opinion

The Court first addresses whether any portion of the summary judgment opinion can be sealed or redacted. Because the opinion is a judicial record, a presumption of public access applies. That presumption, a strong one to begin with, *see Avandia*, 924 F.3d at 672, is particularly robust when applied to judicial opinions. *Lipocine*, 2020 WL 4569473, at *3 (interest in public access to judicial records "applies with special force to judicial opinions"; collecting cases); *see also In re Leopold*, 964 F.3d 1121, 1128 (D.C. Cir. 2020) (describing court decisions as "the 'quintessential business of the public's institutions'" and issuing public opinions as "core 'to the transparency of the court's decisionmaking process'" (citations omitted)); *In re Forbes Media LLC*, 2022 WL 17369017, at *4 (same). And here, the portions of the opinion that ABIM seeks to redact go to the core of the judicial role. *Commerzbank AG v. Bank of New York Mellon*, 2023 WL 5530015, at *1 n.1 (S.D.N.Y. Aug. 28, 2023) ("[A] court's decisions are adjudications—direct exercises of judicial power the reasoning and substantive

10

effect of which the public has an important interest in scrutinizing." (quoting *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998)).

ABIM based its copyright infringement claim against Salas Rushford on emails he sent *before* he sat for ABIM's exam. His access to copyrighted exam material therefore became an issue central to ABIM's theory of liability. The 15 passages ABIM seeks to redact from the summary judgment opinion describe the evidence it offered to show Salas Rushford's access to certain information and when and how it allegedly became aware of that access. Withholding those portions of the discussion would distort key aspects of the Court's reasoning and hide from the public why the Court concluded ABIM's infringement claim was not viable.[5] It would also obscure why, even if ABIM had offered sufficient support to survive Salas Rushford's defensive summary judgment motion, it was still not entitled to affirmative summary judgment in its favor because a triable fact issue existed about the timeliness of its infringement claim.

Notwithstanding the importance of this information, ABIM could overcome the presumption of public access by showing that the material is of a type that courts will protect and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Avandia*, 924 F.3d at 672. ABIM's rationale for 14 of the 15 redactions it proposes is that the information came from the transcript of Luna's deposition, which, it asserts, is confidential because it resulted from a settlement agreement that obligated Luna and ABIM to keep Luna's role in ABIM's investigation confidential. The remaining redaction relates to an email

---

[5] ABIM itself recognized the importance of this information to its claim, arguing in its application to seal the underlying summary judgment motion papers that no less restrictive alternative to sealing was available because ABIM "relies on the Confidential Materials to prove aspects of its copyright infringement claim, namely Defendant's direct and indirect copying and access to Plaintiff's copyrighted examination content." (D.E. 221-1, 5/15/24 Lantieri Decl. ¶ 25.)

describing aspects of that settlement.  ABIM cites Luna's interest in "her reputation and privacy, and its and Luna's interest in preserving the confidentiality of the terms of their settlement. (D.E. 234-1, 12/6/24 Lantieri Decl. ¶ 9.)  Regarding the risk of injury to those interests, ABIM relies on Judge Waldor's November 25 order concluding that Luna and ABIM would be harmed by disclosure, and ABIM states that its counsel "contacted Dr. Luna through her counsel and discussed these issues with him," and was advised that "Dr. Luna would not agree to waive the confidentiality restrictions in her settlement agreement." (*Id.* ¶¶ 10-11.)  In substance, ABIM's argument is that because its settlement agreement with Luna obligated it (and Luna) to keep the information in it confidential, the settlement agreement document must remain sealed on this Court's docket, as must any information deriving from it (her deposition testimony) or discussing it (the email).

Certain types of information are regularly acknowledged as requiring the protection of sealing.[6]  Docketed settlement agreements can, but do not invariably, qualify. *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344, 346 (3d Cir. 1986) (reversing district court order denying motion to unseal settlement agreement that was filed on docket); *Fair Lab. Prac. Assocs. v. Riedel*, 666 F. App'x 209 (3d Cir. 2016) (vacating district court's order sealing filed settlement agreement where court did not engage in required balancing of interests); L. Civ. R. 5.3(d)(2) (settlement agreement filed or incorporated into order "shall, absent an appropriate showing under federal law, be deemed a public record and available for

---

[6] *See, e.g.*, *Avandia*, 924 F.3d at 679 & n.14 (business information that may harm competitive standing; trade secrets); *Contour Data Sol'ns, LLC v. Gridforce Energy Mgmt. LLC*, 2024 WL 3994375, at *3-6 (E.D. Pa. Aug. 29, 2024) (pricing and strategy information; information that would pose risks to national security or security risks to company's operations; non-party employees' names and phone numbers that "are immaterial to the adjudication of the pending motions"; financial data and bank account information; customer lists).

public review"). That the parties themselves agreed to confidential treatment of the settlement agreement is not enough to warrant sealing. *Onyx Enters.*, 2024 WL 3952048, at *2 ("[T]he fact that portions of the materials that [movant] seeks to seal are subject to a confidentiality and/or non-disclosure agreements is not sufficient, by itself, to warrant sealing the materials."). ABIM must show why, in this situation, a "clearly defined and serious injury" would result absent redaction of the information in question.

It has not done so. The standard requires ABIM to articulate how disclosure would impose a "clearly defined and serious injury *to the party seeking closure*." *Avandia*, 924 F.3d at 672 (emphasis added). The only argument ABIM makes about itself is that it has an interest in protecting the confidentiality of a confidential agreement as a matter of "fulfilling its obligations" under its agreement with Luna, and that "as the counterparty to Dr. Luna's confidential settlement," it would be harmed by disclosure of the agreement or related deposition testimony. (D.E. 234-1, 12/6/24 Lantieri Decl. ¶¶ 8, 11.) This is conclusory: ABIM does not explain how or why it would be harmed.[7] In short, ABIM has offered a "[b]road allegation[] of harm, bereft of specific examples or articulated reasoning," which is insufficient to warrant sealing. *Avandia*, 924 F.3d at 672.

Instead, ABIM focuses on potential injury to Luna's interests in her privacy and reputation. But she has not moved to intervene or even offered a declaration to substantiate those interests, nor is she "the party seeking closure." *Avandia*, 924 F.3d at 672. Instead, she merely communicated to ABIM's counsel a refusal to waive the confidentiality provision of the parties' settlement agreement. Even assuming ABIM can assert Luna's rights as a basis for

---

[7] As ABIM acknowledges, the agreement specifically relieves the contract counterparties of their nondisclosure obligation in the event of disclosure compelled by law. (D.E. 212-10, Def.'s Summ J. Ex. 7; D.E. 234-1, 12/6/24 Lantieri Decl. ¶ 8.)

sealing, it hasn't shown that disclosure would cause a "clearly defined and serious injury" to Luna's reputational or privacy interests. ABIM has asserted Luna's and its own interests without offering any specifics or reasoning supporting the purported risk of harm to privacy interests or the potential reputational damage. (*See* D.E. 234-1, App'x A to 12/6/24 Lantieri Decl. (index).) Under *Avandia* this reasoning falls short. *Id.* at 679 ("These blanket assertions of harm that 'could' come to fruition fall short of the clearly defined and serious injury that GSK must articulate to obtain sealing under any standard.").

To the contrary – what ABIM seeks to seal in the Court's opinion is susceptible to disclosure anyway. Luna's role in the events leading to this litigation is readily apparent from information that is already public or will be when the Court's summary judgment opinion is publicly docketed. The opinion discusses ABIM's efforts, which it described in a press release, to sanction over a hundred doctors "for soliciting or sharing confidential exam questions," and describes Luna as one of the physicians affected by the sanctions. (D.E. 226, at 4.) That discussion will not be redacted, whatever the outcome of ABIM's present motion. And ABIM's motion to keep the summary judgment opinion sealed on the Third Circuit's docket describes its evidence as including "handwritten notes that ABIM contends contain specific, original and memorable details of ABIM exam questions from a conversation Dr. Salas Rushford had with a residency program colleague, Dr. Geraldine Luna. ABIM resolved a potential claim against Dr. Luna with a confidential settlement, pursuant to which Dr. Luna provided confidential deposition testimony in this action." (*Am. Bd. of Internal Med. v. Rushford*, Case No. 24-3012, Dkt. Entry 15, at 1.)[8]

---

[8] Judicial notice may be taken "of the contents of another Court's docket." *Orabi v. Attorney General of the United States*, 738 F.3d 535, 537 n.1 (3d Cir. 2014).

Seen in these contexts, what ABIM seeks to redact from the summary judgment opinion is neither new nor qualitatively different from what is already disclosed in the foregoing excerpts.  Luna's role, her connection to Salas Rushford, and her settlement with ABIM are already public.  There is no risk of harm to her privacy or reputational interests from unsealing references in the summary judgment opinion to these things.  *Garcia v. Midland Funding, LLC*, 2017 WL 1807563, at *5 (D.N.J. May 5, 2017) (Kugler, J.) (declining to allow redaction of already-public information because movant "cannot demonstrate any harm" that would come from its disclosure).

Moreover, as indicated above, the actual documents—the settlement agreement, the related email, and excerpts from Luna's deposition—have long been available on the public docket as part of Salas Rushford's summary judgment opposition and cross-motion, which he filed on March 1, 2024. (D.E. 212.)  As discussed earlier, this filing was not redacted or made under seal, and ABIM filed its motion to seal two and a half months later, on May 15, 2024, after twice requesting extensions that did not seek temporary sealing.[9]  Although arguably these filings should have been placed under seal when Judge Waldor granted ABIM's motion to seal two days later, they were not, perhaps because the motion papers suggested that the filings in question had all been filed under temporary seal already.  (D.E. 221-1, 5/15/24 Lantieri Decl. ¶ 2.)

However this came about, for over a year the Luna-related information that ABIM now seeks to react from the summary judgment opinion has been publicly available; for more than

---

[9] That ABIM knew how to request temporary sealing is evidenced by its letter seeking that relief as to its own motion papers filed at D.E. 207.  (*See* D.E. 208 (letter requesting temporary sealing of "ABIM's motion and the accompanying papers"); D.E. 210 (text order directing, in relevant part, that Clerk's Office "maintain the seal on the materials filed at ECF No. 207, including all attachments and exhibits thereto, pending further order of the Court").

two months of that period, it was publicly available without ABIM taking any steps to have access to it restricted.  Under those circumstances, redacting the opinion is not warranted.  *See Fertakos v. Telebrands, Inc.*, 2024 WL 4818089 (D.N.J. Nov. 18, 2024) (Wettre, Mag. J.) ("While a short delay in moving to seal might not, in appropriate circumstances, preclude sealing, allowing documents to remain in the public domain for months without objection forecloses such relief. Simply put, '[p]ublic disclosure cannot be undone.'" (quoting *Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016)); *see also Constand*, 833 F.3d 405 (dismissing appeal of unsealing order as moot where material in question had already been made available on public docket).

The common law right of access requires the summary judgment opinion to be unsealed in full.  ABIM's motion is therefore denied.[10]

### C.  Salas Rushford's Appeal of Judge Waldor's Order Sealing Summary Judgment Filings

The second issue is whether the summary judgment motion papers currently under seal may remain so.  That issue is queued up by Salas Rushford's appeal to this Court from Judge Waldor's November 25, 2024 sealing order, which is framed as an order denying reconsideration of her May 17, 2024 order granting ABIM's motion to seal.

On a party's timely objection to a magistrate judge's order on non-dispositive pre-trial matters, such as sealing orders, this Court applies a "clearly erroneous or contrary to law" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. L. Civ. R. 72.1(c)(1)(A).  Factfinding is reviewed for clear error and matters of law are reviewed *de novo*.

---

[10] Because the common law right of access to judicial records is sufficient to deny ABIM's motion, there is no need to reach whether the First Amendment right of public access would also compel that result.  *See Avandia*, 924 F.3d at 679-80.

*EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). Salas Rushford's appeal implicates both grounds; he argues that Judge Waldor applied the wrong legal standard by placing the burden on him to show why reconsideration of the May 17 order was warranted, and that the factual record, when evaluated under the appropriate test for sealing judicial records, does not support sealing the summary judgment motion papers.

As an initial matter, Salas Rushford's objection to Judge Waldor's application of the reconsideration standard of review is curious given that he asked that his brief be treated as a request for reconsideration "[t]o the extent the [May 17] order was more than merely a temporary seal pending [his] response" to ABIM's motion. (D.E. 223, at 1.)

Moreover, the rules in this district call for motions to seal to be presented as ABIM purported to do here—as a "single, consolidated motion" that reflects the objections of any party known to be objecting, and with briefs dispensed with "unless a party believes [they] will assist the Court." L. Civ. R. 5.3(c)(1), (c)(3)(g)-(h). Procedurally, then, in contrast to L. Civ. R. 7.1, the rule governing motions generally and which provides for a moving, an opposition, and (in certain cases) a reply brief, the rule governing motions to "seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making," L. Civ. R. 5.3(a)(1), sets forth a streamlined process whereby all parties' positions are set forth in one "single, consolidated" motion filing. ABIM's motion to seal followed a month of extensions granted for the parties to meet and confer over the content of the motion. Its motion noted that the parties had "extensively" conferred, and reflected Salas Rushford's line-by-line objections. (D.E. 221-1, 5/15/24 Lantieri Decl. ¶¶ 5, 30 & App'x A). There was nothing in that record that would have signaled to Judge Waldor that Salas Rushford would be

disregarding the procedures in L. Civ. R. 5.3 to file an opposition beyond what was already reflected in ABIM's consolidated motion.

However, even under the reconsideration standard, Salas Rushford's request to revisit the sealing order warranted relief. Reconsideration is appropriate to "correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). This standard is met when the record "cannot support the findings that led to that ruling." *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010) (Debevoise, J.). Findings are clearly erroneous even where the record includes evidence that may support those findings if, on review of the whole record, the reviewing court is left with "the definite and firm conviction that a mistake has been committed." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (cleaned up).

As with the Court's summary judgment opinion, the parties' summary judgment motion papers are "judicial records subject to the common law right of access." *Avandia*, 924 F.3d at 675 (cleaned up). That means the analysis of whether they could be sealed on this Court's docket began with a "thumb on the scale in favor of openness," or public access. *Id.* at 676. The presumption of public access could only be overcome on a showing, made not in broad strokes but with specific examples and for articulated reasons, that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at 672-73. For the redactions and sealing ABIM requested for Luna-related information, the only factual support ABIM (not Luna) offered for why disclosure would harm Luna (not ABIM) was that (1) the settlement agreement is confidential and Luna relied on that confidentiality "as a term of entering into it," as shown by "the inclusion of a confidentiality clause in the settlement agreement," (2) the email between counsel that ABIM sought to seal "discusses the terms of that confidential settlement

agreement," and (3) the deposition testimony "arises from her confidential settlement with ABIM." (D.E. 221-2, 5/15/24 Lantieri Decl. ¶ 23.) Thus, ABIM asserted, disclosure "would harm Dr. Luna and undermine the promise of confidentiality pursuant to which she entered into her agreement with ABIM." (*Id.*)

This boils down to an argument that Luna (who was not the movant and who offered no factual support for the motion) would be harmed because she signed an agreement that she and ABIM specified between themselves would be confidential. That the term was material to her is supported only by the fact that it *was* a term of the agreement.[11] From that premise, anything deriving from that agreement (the deposition and the email) must also be kept confidential. Absent continued confidentiality, the argument went, Luna would be harmed in unspecified ways to her "reputation and privacy." As discussed earlier in this opinion, that is an insufficient basis to support sealing judicial records.[12] However, ABIM's conclusory and circular assertion was the grounds for the conclusion in both the May 17, 2024 and November 25, 2024 orders that a "clearly defined and serious injury" would occur absent sealing. (D.E. 222 ¶ 15; D.E. 232, at 5.) Having been left with the "definite and firm conviction that a mistake has been committed" in permitting sealing on a record that did not warrant that relief, the Court concludes that the orders sealing the summary judgment motion papers must be vacated.

---

[11] This is far afield from the scenario in a case ABIM cites, *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 218 (3d Cir. 2011), where the transcript of a settlement placed on the record was allowed to remain sealed. A critical reason for that outcome was the factual finding, which the record supported, that one of the parties "would not have entered into the settlement agreements *but for* the **Court's** assurance of confidentiality." *Id.* at 222 (second emphasis added). Here, the Court had no role in the agreement between Luna and ABIM. ABIM's reliance argument is also undermined by the settlement agreement's carveout for disclosure "compelled . . . by law"; thus, the confidentiality ABIM offered to Luna was never absolute. (D.E. 212-10, at 5 ¶ 10.)

[12] Salas Rushford made that argument in the brief Judge Waldor construed as a motion for reconsideration. (D.E. 223, at 4-7.)

Moreover, even if the sealing orders were appropriately entered based on the facts and record then before Judge Waldor, they "must be lifted at the earliest possible moment when the reasons for sealing no longer obtain." *In re Cendant Corp.*, 260 F.3d 183, 196 (3d Cir. 2001). That is, for sealed filings to remain sealed, the current record must show how public disclosure would cause harm now. *Id.*; *accord Avandia*, 924 F.3d at 678. *See also Onyx Enters.*, 2024 WL 3952048, at *1 ("[T]he Court has an 'inherent obligation to review and supervise the files being placed on its docket and a concomitant obligation to assure that the use of its authority to keep matters from public scrutiny properly is being employed.").

A line-by-line review[13] illustrates that material listed in ABIM's motion to seal cannot remain sealed. The 20 redacted passages in ABIM's moving brief (D.E. 207-1) and the six in its reply brief (D.E. 215) describe deposition testimony about conversations between Luna and Salas Rushford and what she later disclosed about them, information that is no longer confidential because it has been discussed in filings that are or, with the filing of this decision will be, public, including ABIM's briefing before the Third Circuit, *see* Case No. 24-3012, Dkt. Entry 15, and this Court's summary judgment opinion. As for Luna's deposition transcript (D.E. 207-14) parts of which are already publicly available (D.E. 212-9), the information in it is discussed in the parties' various briefs and the Court's summary judgment opinion. There is also nothing in the record that supports, beyond speculation and conjecture, how the information in that deposition could harm Luna more than eight years after she testified. As for the Mannes deposition transcript (D.E. 207-24), of the two redactions sought, one (lines 5:5-11) appears in a

---

[13] As noted earlier, the redactions and sealed documents are listed for each affected filing in the index attached to counsel's certification in ABIM's initial motion to seal. (D.E. 221-1, 5/15/24 Lantieri Decl., App'x A.)

document that is already publicly available (D.E. 212-12), and the other (lines 50:15 to 52:25) is accompanied by no substantiation of the asserted risk of injury for testimony made almost eight years ago; instead ABIM offers only Salas Rushford's non-objection and a citation to an inapposite case.[14]  As discussed earlier, a private agreement to seal is insufficient to warrant a Court order to seal.

The 28 redactions in ABIM's Rule 56.1 statement (D.E. 207-2) describe conversations between Luna and Salas Rushford, or innocuous background information about Luna, such as when she took the ABIM certifying exam and when she met Salas Rushford.  Nothing in the record supports a conclusion that Luna would be harmed by disclosure of additional details about her conversations with Salas Rushford, such as what questions they discussed.  The three redactions in ABIM's Rule 56.1 counterstatement (D.E. 215-1) concern either the settlement agreement or her deposition testimony about what she told ABIM, information already in public filings.

Salas Rushford's opposition/cross-motion brief (D.E. 212-1), Rule 56.1 counter-statement (D.E. 212-2), Rule 56.1 statement (D.E. 212-3), the Luna-ABIM settlement agreement (D.E. 212-10), the related email (D.E. 212-11), excerpts from Luna's deposition (D.E. 212-9), and Salas Rushford's reply brief (D.E. 216) were filed publicly and have remained so.  The same

---

[14] ABIM's attorney declaration cited *Wickens v. Rite Aid Hdqtrs. Corp.*, 2021 WL 5876695 (M.D. Pa. Feb. 23, 2021), where plaintiff sued his former employer alleging retaliation for his reporting of alleged securities violations. The court approved the parties' "minor proposed redactions" of the summary judgment record, which in relevant part related to ongoing SEC investigations, another employee's separation negotiations, and financial and workplace investigation information about non-parties who hadn't consented to publicizing their information. *Id.* at *2.  Here, Mannes himself undertook the investigation for ABIM that gave rise to this case against Salas Rushford; he was not an incidental non-party whose professional qualifications happened to become evidential.  His deposition transcript also reflects that counsel acknowledged at the deposition that their discovery-stage confidentiality designations would not bind the Court.  (D.E. 212-12, Mannes Dep. Tr. 22:2-5, 24:4-5.)

is true of the first proposed redaction to the Mannes deposition transcript (page 5, lines 5 to 11), which appears in the publicly available transcript attached to Salas Rushford's opposition (D.E. 212-12). The record does not permit the Court to engage in the detailed, specific factfinding about harm that would be required to permissibly withdraw this information from the public domain.

As with the summary judgment opinion, the summary judgment motion papers will be unsealed, and as no stay has been requested, the Clerk of Court will be directed to unseal the relevant filings forthwith.

## IV. Conclusion

ABIM's motion to seal the summary judgment opinion is denied, and Salas Rushford's appeal from Magistrate Judge Waldor's order is granted. The summary judgment opinion and motion papers will be unsealed. An appropriate order will issue.

s/ Katharine S. Hayden

Dated: March 31, 2025                    Katharine S. Hayden, U.S.D.J.